UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHLEY N. AUMILLER**     Plaintiff | : : : | Case Number |
| vs. | : : | |
| **TRANS UNION, LLC**     & **EQUIFAX INFORMATION SERVICES LLC**     & **EXPERIAN INFORMATION SOLUTIONS INC.**     & **SOUTHWEST CREDIT SYSTEMS, L.P.**     & **COMCAST CORPORATION**     Defendants | : : : : : : : : : : : : : : | CIVIL COMPLAINT JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Ashley N. Aumiller, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Ashley N. Aumiller, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA," 73 Pa. C.S. § 2270.1 et seq.), and the Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq., as well as for relief from Breach of Contract and Defamation of Character.

1

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.      Venue in this district is proper in that the Plaintiff resides in this District.

## III. PARTIES

4.      Plaintiff, Ashley N. Aumiller (hereinafter referred to as "Plaintiff") is an adult natural person residing at 2023 Sepviva Street, Philadelphia, Pennsylvania 19125.

5.      Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with its address located at 555 West Adams Street, Chicago, IL 60661 and a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

8.      Defendant, Southwest Credit Systems, L.P. (hereinafter referred to as "Defendant Southwest"), at all times relevant hereto, is and was a company engaged in the business of collecting debt within but not limited to the state of Texas and the Commonwealths of Pennsylvania with a primary location of 4120 International Pkwy #1100, Carrollton, Texas 75007.

9.     Defendant, Comcast Corporation (hereinafter referred to as "Defendant Comcast"), at all times relevant hereto, is and was a corporation providing cable television, broadband internet, and telephone service headquartered at One Comcast Center, Philadelphia, PA 19103.

## IV. FACTUAL ALLEGATIONS

10.    On or about December 31, 2013, Plaintiff filed suit against Defendant Comcast for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1692 et seq. ("FCRA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA"), the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") in the United States District Court for the Eastern District of Pennsylvania, Docket Number 2:13-cv-07676-RK.

11.    On or about March 26, 2014, Plaintiff and Defendant Comcast agreed to a settlement of this matter in relevant part to release Plaintiff from liability with respect to the alleged debt owed to Defendant Comcast by Plaintiff.

12.    The parties further agreed in settlement that Defendant Comcast would instruct the credit bureaus to delete any information relating to the above referenced accounts.

13.    The parties further agreed that Plaintiff would execute and file a Notice of Dismissal with Prejudice as to her claims against Defendant Comcast in her pending civil action.

14.    On or about March 26, 2014, Plaintiff executed the above referenced Settlement Agreement.

15.    Plaintiff also executed and filed a Notice of Dismissal with Prejudice as to her claims against Defendant Comcast in her pending civil action.

16.    In or around September 2016, upon Plaintiff applying for an auto loan, it was discovered that despite the previous settlement Agreement that Defendant Comcast had transferred the above referenced former Comcast account to Defendant Southwest and that Defendant

Southwest was inaccurately reporting the status of the former Comcast account on Plaintiff's credit reports.

17. On or about September 12, 2016, Plaintiff disputed the accuracy of the trade line of Defendant Southwest with Defendants Trans Union and Equifax.

18. On or about October 6, 2016, Plaintiff disputed the accuracy of the trade line of Defendant Southwest with Defendants Experian and Equifax.

19. In her disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate.

20. Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's above referenced disputes.

21. Upon information and belief, Defendants Trans Union, Experian, and Equifax each notified Defendant Southwest of Plaintiff's disputes as described herein.

22. Defendants Trans Union, Experian, and Equifax each notified Plaintiff that these accounts had been "verified" and that the inaccuracies within the trade lines of Defendant Southwest would not be corrected.

23. Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct and/or delete the information appearing on her credit reports.

24. The credit information which Defendant Southwest has furnished and continues to furnish about Plaintiff is false, deceptive, misleading, and unconscionable.

25. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

26. Plaintiff was eventually approved for the auto loan at a higher rate of interest than Plaintiff otherwise would have received if there had been no negative charge-off reporting by Defendant Southwest, as an agent to Defendant Comcast, in violation of the March 2014 settlement agreement.

27. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

28. Aside from the inaccurate and misleading information reported pertaining to the alleged account of Defendant Southwest, Plaintiff has an excellent credit history.

29. As of the date of the filing of this Complaint, Defendants Southwest, Trans Union, Experian, and Equifax each continue to report the trade lines of Defendant Southwest inaccurately and in a way which is materially misleading.

30. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

32. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

33. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

34. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
*Plaintiff v. Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., & Southwest Credit Systems, L.P.*

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto, Defendants Trans Union, Equifax, and Experian were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

37. At all times pertinent hereto, Defendant Southwest was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

38. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

39. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

40. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax, and Experian are liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8).

41. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Southwest is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

42. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants Southwest, Equifax, Experian, and Trans Union, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – FDCPA**

*Plaintiff v. Southwest Credit Systems, L.P.*

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

45. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e (2): | Character, amount, or legal status of the alleged debt. |
| §§ 1692e (8): | Communicates false credit information, including the failure to communicate that a debt is disputed. |

| | |
|---|---|
| §§ 1692e (10): | Any false representation or deceptive means to collect a debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f (1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant Southwest, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III – BREACH OF CONTRACT
*Plaintiff v. Comcast Corporation*

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. The above-referenced settlement agreement, between Plaintiff and Defendant Comcast, constitutes a contractual agreement whereby Defendant agreed to release Plaintiff from liability with respect to any debts owed to Defendant Comcast by Plaintiff and to instruct the credit bureaus to delete any information relating to these accounts in exchange for Plaintiff's execution and filing of a Notice of Dismissal with Prejudice as to her claims against Defendant Comcast in her pending civil action.

48. Plaintiff performed all of the conditions and promises required to be performed in accordance with the terms and conditions of the contract, by executing and filing of a Notice of Dismissal with Prejudice as to her claims against Defendant Comcast in her pending civil action.

49. Despite executing an agreement and being notified of Plaintiff's subsequent disputes, Defendant Comcast breached their agreement with Plaintiff by failing and refusing to perform in good faith their promise to release Plaintiff from liability with respect to any debts owed to Defendant Comcast by Plaintiff and to instruct the credit bureaus to delete any information relating to these accounts.

50. Defendant Comcast has therefore breached the contract with Plaintiff, who has been severely damaged thereby.

51. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against, Defendant, for the following:

   a.   Actual damages;

   d.   Statutory damages;

   c.   Punitive damages;

   d.   Reasonable attorney's fees and costs of suit; and

e.	Such addition and further relief as may be appropriate or that the interests of justice require.

**COUNT IV - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**
*Plaintiff v. Southwest Credit Systems, L.P. & Comcast Corporations*

52.	Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53.	The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants Southwest and Comcast are debt collectors pursuant to 73 Pa. C.S. § 2270.3.

54.	The alleged debt Defendants were attempting to collect are debts as defined by 73 Pa. C.S. § 2270.3.

55.	The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

56.	The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

57.	Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

58.	As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

59.	By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorney's fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

### COUNT V - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
*Plaintiff v. Southwest Credit Systems, L.P. & Comcast Corporations*

    60.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

    61.    Plaintiff and Defendants Southwest and Comcast are "Persons" to 73 Pa. C.S § 201-2.

    62.    The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

    63.    The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi); and

    b.    Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

64. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

65. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT VI– DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., and Southwest Credit Systems, L.P.*

66. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

68. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

69. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

70. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

71. The falsehoods within the trade lines of Defendant Southwest constitute falsehoods concerning Plaintiff's credit history.

72. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendant Southwest which they have published and re-published on Plaintiff's credit reports is incorrect and false as Plaintiff has notified them of such.

73. Defendants continue to publish the false and negative information within the trade lines of Defendant Southwest on Plaintiff's credit history up through the present time.

74. Defendants knew that the information within the trade lines of Defendant Southwest on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

75. The publications of the information within the trade lines of Defendant Southwest on Plaintiff's credit report constitute libel per se.

76. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

77. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff

for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 14, 2016**              BY: */s/Brent F. Vullings bfv8435*
                                                                  Brent F. Vullings, Esquire
                                                                  Vullings Law Group, LLC
                                                                  3953 Ridge Pike
                                                                  Suite 102
                                                                  Collegeville, PA 19426
                                                                  P: 610-489-6060
                                                                  F: 610-489-1997
                                                                  Attorney for Plaintiffs
                                                                  bvullings@vullingslaw.com